IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES COPELAND                    )
                                  )
            Plaintiff,            )
                                  )
-vs-                              )        Case No. 4:06CV0839-JCH
                                  )
HUSSMANN CORPORATION;             )
INGERSOLL-RAND COMPANY; and       )
TERRY HERRINGTON                  )
                                  )
            Defendants.           )
_____  )

### PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW Plaintiff, by and through his attorney of record, Gene P. Graham, Jr., and in opposition to Defendants' Motion to Dismiss, states the following:

## I.    INTRODUCTION

The action pending before this Court is an action for race discrimination, harassment, and retaliation brought under 42 U.S.C. § 1981.  Defendants seek to dismiss Plaintiffs case based on judicial estoppel in that Plaintiff did not disclose the potential lawsuit on his bankruptcy schedules, and further seek dismissal based on the statute of limitations and that claims of disparate impact are not covered by Section 1981.

Because resolution of these issues depends largely on an analysis of the events, their timing and sequence, Plaintiff sets forth a chronology as follows.

Plaintiff James Copeland is an African American male that began his employment for Defendants in September 1996.  He experienced acts of racial

discrimination and harassment as early as October 1996.  He was denied promotions on three occasions:  February 1998, March 2000, and March 2001.  He experienced additional acts of racial discrimination and harassment throughout his employment, including June 1998, May 2001, and February 2003.  Plaintiff complained about the discrimination and harassment to members of management and of human resources but no corrective action was taken.  Plaintiff was terminated by Defendants on October 21, 2003.

On March 2, 1999, during his period of employment with Defendants, Plaintiff and his wife filed a Petition for Chapter 13 bankruptcy.  Plaintiff did not list a potential lawsuit against Defendants on his bankruptcy schedules.   The bankruptcy order confirming the Chapter 13 Plan was entered on May 12, 1999.  Plaintiff was discharged from bankruptcy on December 10, 2003 and the Trustee's final report and accounting was completed on February 11, 2004.  The bankruptcy case was closed on February 24, 2004.

Plaintiff filed a charge of discrimination on February 3, 2004.  The charge of discrimination was filed over 3 months after his termination from employment and almost 5 years after the petition in bankruptcy was filed.  The charge of discrimination was filed more than 4 years after the Chapter 13 Plan was confirmed by the bankruptcy court.   Finally, the charge of discrimination was filed almost two months after Plaintiff was discharged in bankruptcy.

Plaintiff filed a complaint based on Section 1981 in May 2004 and later, in August 2004, filed a petition based on the Missouri Human Rights Action.  Plaintiff decided in October 2004 to dismiss the Section 1981 case and proceed with the case based on the

2

Missouri Human Rights Act.  It was learned during Plaintiff's deposition in the spring of 2005 that Plaintiff had previously filed a petition for bankruptcy and had not listed the potential lawsuit as an asset.  For that reason Defendants filed a motion to dismiss based on judicial estoppel.  The court ultimately dismissed Plaintiff's petition based on lack of standing.

Thereafter, Plaintiff retained bankruptcy counsel to review the situation and a motion to reopen the bankruptcy estate for purposes of amending the schedules was filed on March 6, 2006.  The bankruptcy court entered its order on March 9, 2006 allowing Plaintiff to reopen and amend.  Plaintiff filed his amended schedules on March 13, 2006.  On March 24, 2006 the trustee filed his response to the amended schedules wherein he stated he had no objection to the amendments and planned to take no further action on the case.  The bankruptcy case was closed on April 4, 2006.  The order closing the bankruptcy case stated

> This case having been re-opened on March 9, 2006 for the purpose only of permitting Debtor(s) to Amend Schedule C and for the Court to determine that an Employment Discrimination Claim is not property of the Bankruptcy Estate and such purpose having been accomplished, it is Ordered, that this case be and it hereby is closed.

Exhibit B.

On April 18, 2006 Plaintiff filed the present petition for race discrimination, harassment, and retaliation pursuant to Section 1981.

## II.   <u>JUDICIAL ESTOPPEL</u>

Defendants seek dismissal based on judicial estoppel in that Plaintiff did not disclose the potential lawsuit against Defendants on his bankruptcy schedules. Defendants' Motion must be overruled in that the factors upon which judicial estoppel

must be invoked are not present in the case at bar.  Moreover, Plaintiff has rectified any failure to disclose the potential lawsuit in that he took all steps and paid all costs necessary to reopen his bankruptcy estate for the purpose of amending his schedules, disclosing the lawsuit, and allowing the trustee to claim or waive the lawsuit.

Judicial estoppel is an equitable doctrine under which "a party is precluded from 'asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.' … The purpose of the doctrine 'is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'"  Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002). (internal citations omitted).  "Judicial estoppel is applied to the calculated assertion of divergent sworn positions."  Burnes, 291 F.3d at 1285.

Whether to invoke the equitable doctrine of judicial estoppel is a matter that lies entirely within the court's discretion.  See Casey v. Peco Foods, Inc., 297 B.R. 73, 75 (S.D. Miss. 2003); Burnes, 291 F.3d at 1285. The courts generally consider two factors in determining whether to apply the doctrine of judicial estoppel:  "First, It must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding.  Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system."  Burnes, 291 F.3d at 1285.

Neither factor is satisfied in the case at bar.  Plaintiff did not take an inconsistent position in his bankruptcy proceedings:  Plaintiff's Chapter 13 bankruptcy was filed almost 5 years before he filed his charge of discrimination; Plaintiff's Chapter 13 Plan was confirmed over 4 years before he filed his charge of discrimination; Plaintiff was discharged from bankruptcy almost 2 months prior to filing his charge of discrimination;

4

Plaintiff had been making payments to creditors for over 4 years when he was discharged from bankruptcy.  As is readily apparent, the first factor is not satisfied because there was no inconsistent position taken by Plaintiff in the bankruptcy proceedings.

Nor is the second factor satisfied, not only because no inconsistent statement was made in the bankruptcy proceeding, but also because Plaintiff had no intent to conceal any information from either court.  His actions in not listing the mere possibility of a lawsuit as an asset on his bankruptcy schedules "was not calculated to make a mockery of the judicial system."  *See* Exhibit A - Affidavit of James Copeland. "Generally, in those cases where the courts have applied judicial estoppel, there was evidence to support a finding of intentional misconduct on the part of the plaintiff and a motive to conceal."  Taylor v. Comcast Cablevision of Arkansas, Inc., 252 F. Supp. 2d 793, 796-97 (E.D. Ark. 2003).

Indeed, the United States Supreme Court has counseled "we do not question that it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake."  New Hampshire v. Maine, 121 S. Ct. 1808, 1816 (2001); *see also* American Nat. Bank of Jacksonville v. Federal Deposit Ins. Corp., 710 F.2d 1528, 1536 (11th Cir. 1983) ("Judicial estoppel is applied to the calculated assertion of divergent sworn positions.");  Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 362-63 (3rd Cir. 1996) ("[T]he doctrine of judicial estoppel does not apply 'when the prior position was taken because of a good faith mistake rather than as part of a scheme to mislead the court.'  An inconsistent argument sufficient to invoke judicial estoppel must be attributable to intentional wrongdoing.");

5

*Compare* De Leon v. Comcar Indus. Inc., 321 F.3d 1289, 1291-92 (11th Cir. 2003) (plaintiff filed discrimination lawsuit prior to order confirming Chapter 13 plan and failed to amend his petition); Traylor v. Gene Evans Ford, LLC, 185 F. Supp. 2d 1338, 1340 (N.D. Ga. 2002) (applying judicial estoppel where plaintiff failed to list pending discrimination lawsuit in bankruptcy petition); Burnes, 291 F.3d at 1287-88 (judicial estoppel applied where plaintiff filed and pursued his employment discrimination claims during the pendency of his Chapter 13 case, but never amended his financial statements to include the lawsuit.); Casey, 297 B.R. at 74, 76-77 (judicial estoppel applied where plaintiff filed a charge of discrimination clearly setting forth her claims of discrimination and filed a petition in bankruptcy less than three months later, while the EEOC charge was still pending.)

That judicial estoppel should not be applied to the case at bar is demonstrated by Taylor, 252 F. Supp. 2d at 796-97.  Plaintiff in Taylor filed a charge of discrimination with the EEOC on March 30, 2000 and filed a petition in bankruptcy on August 1, 2001, while the EEOC charge was still pending.  Plaintiff was discharged from bankruptcy on November 15, 2001 and filed a lawsuit for discrimination on November 16, 2001.  Plaintiff did not disclose the pending EEOC charge or potential lawsuit on his bankruptcy schedules.  Defendant moved for dismissal based on judicial estoppel.

The Taylor court determined that judicial estoppel would not be applied to the case because the plaintiff had only a high school education and very little knowledge of the legal system.  Moreover, the plaintiff had hired an attorney on whom he relied to complete the bankruptcy petition.  Plaintiff knew that he had an EEOC charge pending,

6

but his legal counsel did not tell him to disclose the EEOC charge as an "administrative proceeding."

Similarly, in the case at bar, Plaintiff has only a high school education and no post-secondary education.  Plaintiff had never filed a bankruptcy action before March 2, 1999 and had no other experience with the legal system.  Plaintiff hired a bankruptcy lawyer to assist him with the bankruptcy.  The bankruptcy attorney did not assist Plaintiff in the completion of the schedules and did not advise Plaintiff of the types of situations that should be considered administrative proceedings or that years of racial harassment and discrimination in employment could be considered an asset.

To allow Defendants to benefit from Plaintiff's inadvertence and ignorance of the legal system, through application of judicial estoppel, does nothing more than provide a windfall to Defendants, who have fostered and condoned a workplace permeated with racial harassment and discrimination.  *See* <u>Taylor</u>, 252 F. Supp. 2d at 798 ("An overly strict application of judicial estoppel has been criticized as providing a windfall to the alleged wrongdoer ….")

Not only are the factors for application of judicial estoppel not satisfied at bar, Plaintiff has taken all necessary steps to reopen his bankruptcy case for the sole purpose of amending his bankruptcy schedules so as to list and disclose his claims of employment discrimination against Defendants.  The bankruptcy court granted Plaintiff's motion to reopen the case and expressly ordered that Plaintiff be allowed to amend his schedules.  Plaintiff amended his schedules on March 13, 2006.  On March 24, 2006 the Trustee responded that "he has no objection to the amendments to Debtors' Schedule B and

Schedule C" and "does not propose to take any further action in this case on the basis of those amendments."  Exhibit C.

When a bankruptcy court reopens a bankruptcy case and allows the schedules to be amended, then the final determination upon which the doctrine of judicial estoppel is based is nullified.  *See* Froshiesar v. Babij, 2004 WL 2360529 *9 (D. Or. 2004). In other words, the reopening of a bankruptcy to amend the bankruptcy schedules is sufficient to cure the omission of a potential claim on the schedules and no discussion of the plaintiff's good or bad faith is necessary.  *See* Kitchen v. WSCO Petroleum Corp., 2006 WL 118515 *7 (D. Or. 2006); Froshiesar, 2004 WL 2360529 *9; Koch v. Nat'l Basketball Ass'n, Inc., 245 A.D.2d 230, 666 N.Y.S.2d 630, 631 (N.Y. App. Div. 1997).  For example, even if the failure to disclose a potential lawsuit on bankruptcy schedules is deemed an inconsistent assertion, a plaintiff can remedy the inconsistency by reopening the bankruptcy case and allowing the bankruptcy trustee the chance to administer the unscheduled claims.  *See* Dunmore v. United States, 358 F.3d 1107 (9th Cir. 2004). This approach prevents the plaintiff "from having his cake and eating it too:  [the plaintiff risks] that the trustee will retain, rather than abandon, the [claims.]"  Dunmore, 358 F.3d at 1113 n.3.

Nonetheless, Defendants insist that Plaintiff's actions in reopening the bankruptcy and amending the schedules is not sufficient to overcome application of judicial estoppel. Defendants rely primarily on Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1288 (11th Cir. 2002) for this assertion.  Burnes involved a Chapter 13 bankruptcy that later was converted to a Chapter 7 bankruptcy.  The difference between Chapter 13 and Chapter 7 is important in resolving a motion to dismiss based on judicial estoppel.

8

Authority exists for distinguishing between Chapter 13 and Chapter 7 bankruptcy proceedings for purposes of analyzing and determining whether judicial estoppel should be applied in a situation where a debtor/plaintiff did not disclose a potential lawsuit in his bankruptcy schedules.  *See* EEOC v. Apria Healthcare Group, Inc., 222 F.R.D. 608, 612 (E.D. Mo. 2004) (holding that case applying judicial estoppel when a Chapter 7 bankruptcy debtor did not disclose a lawsuit on his schedules is not controlling of cases involving Chapter 13 bankruptcy debtors).  One such difference is that creditors in a Chapter 13 bankruptcy are paid from the debtor's earnings rather than from the assets of the estate. Apria Healthcare, 222 F.R.D. at 611.  A chapter 7 bankruptcy, in contrast, "is a liquidation bankruptcy in which the debtor's assets are collected in an estate and distributed by a trustee to the creditors."  Apria Healthcare, 222 F.R.D. at 612 n.2.  Indeed, the Eastern District of Missouri has stated that it "is not convinced that a Chapter 13 debtor-in-possession has a motive to secrete assets, given that the creditors are repaid out of the debtor's income." Apria Healthcare, 222 F.R.D. at 613.

## III.   SECTION 1981 – STATUTE OF LIMITATIONS

Defendant asserts that many of Plaintiff's claims are barred by the four-year statute of limitations, and seeks dismissal of Paragraphs 14-43 of Plaintiff's Complaint. Paragraphs 15, 20, and 21 allege that Plaintiff was denied promotions in 1998, 2000 and 2001.   Paragraphs 14, 16-19, 22-49 allege incidents of harassment and discrimination that occurred between 1996 and 2003 and that pertain to Plaintiff's hostile environment claim.

Plaintiff concedes that the statute of limitations applicable to a Section 1981 claim is four years pursuant to 28 U.S.C.A. § 1658(a).  *See* Jones v. R.R. Donnelley &

Sons Co., 124 S. Ct. 1836, 1845-1846 (2004); Jackson v. Homechoice, Inc., 368 F.3d 997, 999 (8th Cir. 2004).   Plaintiff does not agree, however, that allegations pertaining to events occurring prior to 2002 (four years prior to the filing of this suit in April 2006) are barred by the four-year statute of limitations.

The Supreme Court, in National Railroad Passenger Corporation v. Morgan,  122 S. Ct. 206, 2073 (2002), described hostile environment claims "their very nature involves repeated conduct. ... It occurs over a series of days or perhaps years ...." Morgan held that "it does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability."  Morgan, 122 S. Ct. at 2074.

While Morgan addressed claims under Title VII, its holding was made applicable to Section 1981 claims through Madison v. IBP, Inc., 330 F.3d 1051, 1060-1061 (8th Cir. 2003.)  "Morgan broadened the recovery period for hostile work environment claims under Title VII, however, and also we conclude under Section 1981.  If that requirement is met, a party may then recover for all illegal acts that made up the hostile work environment."  Madison, 330 F.3d at 1061.

10

Plaintiff's Complaint alleges additional acts of discrimination and harassment comprising the hostile environment claim, including acts occurring between 2002 and 2003.  (Complaint ¶¶ 42-46.)  As can be easily seen, acts comprising Plaintiff's hostile environment claim occurred within the four-year statute of limitations.   Plaintiff has satisfied the requirements of Morgan and Madison, *supra*.  Accordingly, Paragraphs 14-43 are not barred by the four-year statute of limitations.

With regard to the denials of promotions, Madison specifically held that "Under Morgan, an individual act of discriminatory termination or denial of tuition remission occurring outside the filing period may not be time barred if there is evidence that the act is connected to a series of separate acts which make up a hostile work environment."  Madison, 330 F.3d at 1061 n.6.

Plaintiff's Complaint includes allegations of at least three denials of promotion. (Complaint ¶¶ 15, 20 , 21.)  Discovery may reveal additional promotions for which Plaintiff was eligible but was unable to apply due to lack of posting the opportunity. While these three incidents, viewed in a vacuum, might fall within Morgan's description of "discrete acts," they are interwoven with and connected to the series of events making up Plaintiff's hostile environment claim.  For that reason they are not time-barred.  Moreover, before granting any motion to dismiss with regard to the denials of promotion occurring before May 2000, Plaintiff should be allowed to conduct discovery to demonstrate the connection between the allegations.

Finally, the standard applicable to a Rule 12(b)(6) motion to dismiss requires that Defendants' motion be overruled:  Defendants have failed to demonstrate, beyond a doubt, that Plaintiff can prove no set of facts which entitle him to relief.

IV.    **SECTION 1981 – DISPARATE IMPACT**

Defendants interpret paragraphs 51, 58-59 as asserting claims of disparate impact and assert that those claims are barred by § 1981.  A review of the authority on which Defendants rely demonstrates that Plaintiff's claims are <u>not</u> barred and that Defendants' Motion is premature.

The Supreme Court, in <u>General Building Contractors Association v. Pennsylvania</u>, 458 U.S. 375, 389, 102 S. Ct. 3141, 3149 (1982), concluded that "Section 1981 reaches only *purposeful* discrimination."  <u>General Building</u> did <u>not</u> hold that Section 1981 could never apply to disparate impact cases, only that a plaintiff must demonstrate that the discrimination is intentional or purposeful.

The Eighth Circuit interpreted the <u>General Building</u> holding as follows: "<u>General Building</u> decided that § 1981 ... can be violated only by intentional discrimination.  It also eliminated form § 1981's sphere of liability those cases that have a disparate impact upon racial minorities *unless that impact can be traced to discriminatory purpose*." <u>Edwards v. Jewish Hospital of St. Louis</u>, 855 F.2d 1345, 1351 (8th Cir. 1988.)

The converse of the general rule espoused in <u>General Building</u> and <u>Edwards</u> is that a claim of disparate impact *is* actionable under § 1981 if the plaintiff can show that the discrimination or discriminatory practice resulting in the disparate impact on a racial minority is purposeful.

The standard applicable to a Rule 12(b)(6) motion to dismiss mandates that Defendants' motion to dismiss be overruled.  This Court must assume that all the facts alleged in Plaintiff's Complaint are true and must liberally construe the Complaint in Plaintiff's favor.  Accordingly, Paragraphs 51, 58-59 should not be viewed in a vacuum.

Those allegations must be viewed in the context of all other claims asserted in Plaintiff's Complaint: claims that assert intentional discrimination and harassment throughout the term of Plaintiff's employment, including racial slurs, offensive pictures and graffiti, and denials of promotions.

Moreover, a plaintiff should, at the very least, be entitled to conduct discovery – to determine the extent of the disparate impact and the moving force behind the discrimination resulting in the disparate impact – before a defendant unilaterally determines that select allegations in a plaintiff's complaint assert claims of disparate impact which defendant does not view as intentional.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests an Order overruling Defendants' Motion to Dismiss and for such other and further orders as the Court deems just and proper.

*Respectfully submitted,*

WHITE, ALLINDER, GRAHAM, & BUCKLEY, L.L.C


BY:    /s/ Gene P. Graham, Jr._____
Gene P. Graham, Jr.        MO 34950
Deborah J. Blakely        MO 47138
19049 East Valley View Parkway
Independence, Missouri 64055
(816) 373-9080 Fax: (816) 373-9319
ggraham@wagblaw.com
dblakely@wagblaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Suggestions in Opposition to Defendants' Motion to Dismiss was filed via the CM/ECF system this 28th of June, 2006 to be served by operation of the Court's electronic filing system upon the following:

James N. Foster
Patricia McFall
Christopher M. Sanders
McMahaon, Berger, Hanna, Linihan, Cody & McCarthy
2730 North Ballas Road, Suite 200
St. Louis, MO 63131
314-567-7350
314-567-5968 Fax
ATTORNEYS FOR DEFENDANTS


 /s/ Gene P. Graham, Jr.
Gene P. Graham, Jr.